UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TURNING POINT FOUNDATION,          :
        ET AL.,                    :
                                   :
    v.                             :     Civ. No. 3:05-CV-895(AHN)
                                   :
JOHN DESTEFANO,                    :
        ET AL.                     :


ORDER ON PLAINTIFFS' MOTION TO COMPEL

The Turning Point Foundation, David Vieu, and the
Connecticut Fair Housing Center (collectively "the plaintiffs")
bring this action against John DeStefano, the mayor of New Haven,
and Andrew Rizzo, the Director of New Haven's Livable City
Initiatives (collectively "defendants"), for violations of the
Federal Fair Housing Act, the Americans with Disabilities Act,
Section 504 of the Rehabilitation Act, and the Connecticut Human
Rights and Opportunities Act.  Now pending before the court is
the plaintiffs' motion to compel the payment of expert witness
fees and costs [doc. # 146].[1]  For the reasons given below, the
court GRANTS IN PART AND DENIES IN PART the motion.

During discovery, the parties agreed that they would each
bear the expenses of deposing the other side's experts.  The
plaintiffs designated Dr. John M. Majer ("Majer") and Mr. Riley

_____

    [1]  The plaintiffs have also filed a motion in limine to
exclude the report and testimony of Gray Smith, one of the
defendants' experts [Doc. # 157].  The court, however, takes this
motion under advisement and will address its merits to the extent
necessary in its ruling on the plaintiffs' recently-filed motion
for summary judgment.

Regan ("Regan") as testifying experts, and defendants' counsel deposed both of them in New Haven, Connecticut in May and June of 2007, respectively.

Both Majer and Regan reside outside of Connecticut – Majer in Chicago, Illinois and Regan near Indianapolis, Indiana - and therefore they incurred costs and fees traveling to New Haven for their depositions.  En route to New Haven, both experts traveled first to Washington, D.C. to prepare with some of the plaintiffs' counsel.[2]

Following the depositions, the experts submitted their invoices of fees and expenses to the defendants for reimbursement, in accordance with the parties' agreement.  The defendants, however, refused to pay Majer's invoice until he submitted another invoice with more reasonable fees and expenses.  As to Regan, the defendants paid the entire invoice, except for expenses Regan incurred traveling to Washington, D.C.  The plaintiffs now move to compel the defendants to reimburse the remaining portion of Regan's expenses and all of Majer's fees and expenses.

"[D]istrict courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)(C)."  New York v. Solvent Chem.

---

[2]  The plaintiffs' have counsel in both Washington, D.C. and Connecticut.

<u>Co., Inc.</u>, 210 F.R.D. 462, 471 (W.D.N.Y. 2002). The court will only order parties to reimburse fees and expenses that are reasonable, <u>Fisher-Price, Inc. v. Safety 1st, Inc.</u>, 217 F.R.D. 329, 333 (D. Del. 2003), and will not order reimbursement for time am expert spent "preparing the report and developing her . . . opinion," <u>McCulloch v. Hartford Fire and Accident Ins. Co.</u>, No. Civ. 3:01 CV 1115 (AHN HBF), 2004 WL 2601134, at *2 (D. Conn. Nov. 10, 2004). Reasonableness is determined by the complexity of issues presented by the case, the lapse in time between the expert's examination of the facts and the deposition, the level of detail in an expert's report and supporting schedules, and the volume of pleadings submitted by the parties. See <u>Fleming v. United States</u>, 205 F.R.D. 188, 190 (W.D. Va. 2000). The party seeking reimbursement of deposition fees and expenses bears the burden of proving reasonableness. <u>Solvent Chem. Co., Inc.</u>, 210 F.R.D. at 468.

I. <u>Majer</u>

The court first addresses Majer's fees and expenses. Majer submitted an invoice for fees and expenses totaling $13,171.77. The invoice listed $11,625.00 in fees, consisting of 77.5 hours of expert services at $150 per hour. The record does not make clear exactly how much of the 77.5 hours Majer spent traveling versus preparing for or attending the deposition because his invoice bills all his time at $150 per hour. The parties state

that Majer's deposition lasted approximately three hours, and therefore, the court finds that he spent 74.5 hours traveling and preparing for the deposition. The record, however, does not permit further breakdown of the hours Majer spent traveling versus preparing for the deposition. At oral argument, the plaintiffs' counsel represented that Majer spent about fifteen hours traveling, but Majer's affidavit indicates that he prepared during most of his travel time. Therefore, the court finds that he spent the bulk of the 74.5 hours preparing for the deposition.

Majer's invoice also listed $1,546.77 in expenses, consisting of airfare from Chicago, Illinois to Washington, D.C. and from Windsor Locks, Connecticut back to Chicago, as well as three nights of lodging, meals, and other miscellaneous expenses in both Washington, D.C. and Connecticut.[3]

The court first addresses the plaintiffs' claim that Majer's fees for time spent preparing for the deposition are reasonable. The defendants argue that approximately 74.5 hours of preparation is patently unreasonable and should be limited to the time of the deposition, that is, three hours. The plaintiffs contend that the time is reasonable because Majer had to review his twelve-page, single-spaced report and master details regarding the properties at issue in this case, the surrounding neighborhoods,

---

[3] According to the plaintiffs' counsel, Majer took a train from Washington, D.C. to Connecticut for the deposition, but he did not submit this expense with his invoice.

and nineteen scholarly articles referenced in his report.  The plaintiffs emphasize that Majer could have been cross-examined on any of these details and argue that his preparation time should not be limited to the time of the deposition, simply because the defendants' counsel chose not to question him on these areas.

The court finds that the plaintiffs have failed to meet their burden that Majer's preparation time was reasonable.  Cf., e.g., Solvent Chemical Co., Inc., 210 F.R.D. at 471-72 (finding 17.75 hours unreasonable and awarding compensation for three hours).  While the plaintiffs claim that Majer had to review a detailed report, the specifications of the houses, the details of the surrounding neighborhoods, and nineteen scholarly articles, these same details and articles formed the basis of his opinion and were referenced in his report, and therefore, he should have already been familiar with them through the process of developing his opinion and writing his report.  See McCulloch, 2004 WL 2601134, at *2 (stating that the time an expert spent "preparing the report and developing [an] opinion" is not compensable).  Indeed, only three months lapsed between when Majer submitted his report and the defendants took his deposition.  Cf. Boos v. Prison Health Svcs., 212 F.R.D. 578, 580 (D. Kan. Feb. 19, 2002) (finding 3.5 hours reasonable preparation time for a 1.5 hour deposition where a year lapsed between when expert prepared report and deposition).

Furthermore, while the issues presented by this case are "serious [in] nature," the issues are not so complex as to justify over twenty hours of preparation for every one hour of deposition time. Indeed, the plaintiffs have not cited any case law – and the court is not aware of any – where an expert was awarded fees for such a high ratio of preparation time to deposition time. For example, in one case, an expert spent forty hours preparing for a deposition that was expected to last between two and four hours. Fee v. Great Bear Lodge of Wisconsin Dells, LLC, No. Civ. 03-3502 (PAM)(RLE), 2005 WL 1323162, at *2 (D. Minn. Mar. 3, 2005). Although the court considered the case "complex," it concluded that the amount of preparation time was "clearly unreasonable" and allowed only ten hours preparation time, "which is approximately a two-to-one ratio, of time spent preparing, to the length of his deposition testimony." Id. In another case, a court reduced twenty-four hours of preparation time to twelve hours for a deposition that was expected to last between two and four hours, despite the fact that the expert needed to review two documents that were each about 2.25 inches thick. Flaherty v. Connecticut, No. 3:04 CV 2140 (JGM), 2006 WL 4475013, at *2 (D. Conn. Aug. 23, 2006). Other courts have awarded an even smaller ratio of preparation time to deposition

time.  See, e.g., Constellation Power Source, Inc. v. Select
Energy, Inc., 2007 WL 188135, at *8 (D. Conn. Jan. 23, 2007)
(adopting a "rule of thumb" that an expert is entitled to
compensation for preparation time equal to the amount of time of
the deposition).[4]

Thus, while Majer presumably took "his role with respect to
this case seriously," a twenty-to-one ratio of preparation time
to deposition time in this case is simply not reasonable.  Given
the extensiveness of Majer's report and the breadth of scholarly
literature he relies on, the court finds that six hours of
preparation time is within reason.  This amounts to twice the
time of the deposition.  Therefore, at his rate of $150 per hour,
Majer is entitled to $900 for preparation time.

The court next turns to Majer's travel time.  Given that the
court has found six hours of preparation time reasonable, Majer
could have sufficiently prepared for the deposition if he

---

[4]  See McCulloch, 2004 WL 2601134, at *2 (limiting
compensation to two hours of preparation where the party
retaining the expert claimed that the expert spent 20.7 hours
preparing, reviewed over 12,000 pages of documents and 14
deposition transcripts for an 8 hour deposition); Lamere v. New
York State Office for the Aging, 223 F.R.D. 85, 93 (N.D.N.Y.
2004) (allowing compensation for 1.5 hours of preparation time
for a 3.5-hour deposition); Silberman v. Innovation Luggage,
Inc., No. 01 CIV.7109 GEL DF, 2002 WL 1870383, at *2 (S.D.N.Y.
Aug. 13, 2002) (finding that an expert could charge for eight
hours of preparation time for a deposition lasting almost 6.5
hours); Collins v. Vill. of Woodridge, 197 F.R.D. 354, 358 (N.D.
Ill. 1999) (finding that a three-to-one ratio of preparation time
to deposition time was not reasonable and that a ratio of one-
and-one-half-to-one was more reasonable).

traveled to New Haven the day before the deposition, met with the plaintiffs' Connecticut counsel, stayed overnight, appeared for the deposition the next day, and then traveled back to Chicago. Thus, Majer is only entitled to compensation for his travel time from Chicago to New Haven and back.

However, determining the number of hours Majer spent traveling is complicated by the fact that Majer's invoice does not separately list the hours he spent traveling. Based on the information in the record, the court estimates that Majer should be compensated for nine hours of travel time, consisting of the following: five hours for the two flights between Chicago and Hartford, including the one hour delay he mentions in his invoice, and four hours for travel to and from the airports on both legs of the journey.[5] For travel time, the court also finds that he should be compensated at half his normal rate of $150 per hour, that is, $75 per hour. See, e.g., McCulloch, 2004 WL 2601134 (awarding $75 per hour for travel time where expert's rate for preparation time and deposition time was $200 per hour);

---

[5] The estimate of travel time between airports includes time that Majer would have traveled from Hartford to New Haven, if he had flown directly to Connecticut from Chicago, rather than traveling by way of Washington, D.C. While the plaintiffs' counsel represented at oral argument that Majer spent fifteen hours traveling, this estimate presumably included time Majer spent traveling by train between Washington, D.C. and New Haven. Because the court has found that Majer should not be compensated for that portion of his travel, the court cannot rely on counsel's fifteen-hour estimate.

<u>Silberman</u>, 2002 WL 1870383, at *2 (finding that an expert should be compensated for travel time at half his regular rate).

As to expenses, the defendants agreed to pay $582.48 of Majer's expenses, representing his airfare, cab fare, and his hotel room charge and room tax for one night in New Haven.  This amount is reasonable, considering that his preparation and deposition could have been accomplished in two days and would have only required a one night stay in New Haven.  The court also finds the Majer is entitled to compensation for the $43 in expenses he submitted for his time in New Haven.

Therefore, the court will order the defendants to compensate Majer for fees and expenses totaling $2650.48, as broken down according to the following chart:

| Activity | Rate (per hour) | Time (in hours) | Total |
|----------|-----------------|-----------------|-------|
| Travel | $75 | 9 | $675 |
| Preparation | $150 | 6 | $900 |
| Deposition | $150 | 3 | $450 |
| Expenses | N/A | N/A | $625.48 |
| | | | **$2650.48** |

II.  <u>Regan</u>

The unpaid portion of Regan's invoice amounts to $172.23[6] in

---

[6]  The court notes a discrepancy in the record about the amount that is still owed.  Regan invoiced the defendants' for $3,576.00.  (Pls.' Mot. to Compel, Decl. of Valerie L. Leatherwood, Ex. A.)  However, the defendants' letters to the plaintiffs' counsel describe Regan's invoice as totaling $3,951.00, but state that they paid $3,873.77.  (<u>Id.</u> Ex. B & C.)

travel costs he incurred traveling from Indiana to Washington,
D.C. to prepare for the deposition with plaintiffs' counsel,
before traveling to Connecticut for the deposition.  The
plaintiffs argue that the defendants implicitly agreed to pay
this expense when they agreed to take Regan's deposition in
Connecticut, rather than Washington or Indianapolis.  They also
argue that Regan should not be punished because the plaintiffs'
chose counsel located in Washington, D.C.  The defendants respond
that they should not be forced to pay the increased cost
associated with the plaintiffs' decision to prepare Regan in the
office of plaintiffs' out-of-state counsel, rather than in their
Connecticut counsel's office.

The court agrees that the defendants should not have to
reimburse Regan for travel to the plaintiffs' counsel in
Washington, D.C. to prepare for a deposition.  <u>See</u> <u>Silberman</u>,
2002 WL 1870383, at *2 (finding that an expert could not charge
for time spent traveling to an attorney's office to prepare for
depositions).  This is particularly appropriate considering Regan
– like Majer – could have prepared in New Haven on the day before
the deposition, attended the deposition the following day, and

---

If the defendants' numbers are correct, then the outstanding
unpaid portion of the invoice is $77.23.  By contrast, the
plaintiffs' papers describe the outstanding amount as $172.23
(Pls.' Mot. to Compel at 5).  The correct amount, however, is
unimportant because the court declines to order the defendants to
reimburse Regan in this amount for the reasons stated herein.

then returned home.  Accordingly, the court finds that Regan is not entitled to an additional $172.23 in expenses.

Therefore, for the foregoing reasons, the court GRANTS IN PART AND DENIES IN PART the plaintiffs motion to compel the payment of expert witness fees and costs [doc. # 146].  The defendants shall reimburse Dr. John Majer in the amount of $2650.48 within ten days of the issuance of this order. Furthermore, each party shall bear their own costs.

SO ORDERED this 6th day of December, 2007, at Bridgeport, Connecticut.

_____/s/_____
Alan H. Nevas
United States District Judge